UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUANE A. CROCKETT,<br><br>     Petitioner,<br><br>    vs.<br><br>LEO PAYANT,[1] Superintendent, Mohawk Correctional Facility,<br><br>     Respondent. | No. 9:06-cv-01441-JKS<br><br>MEMORANDUM DECISION |

  Petitioner Duane A. Crockett, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Crockett is currently in the custody of the New York Department of Correctional Services, incarcerated in the Mohawk Correctional Facility. Respondent has answered the petition and Crockett filed his traverse.

I. BACKGROUND/PRIOR PROCEEDINGS

  Crockett was convicted in October 2004 after a jury trial in the Otsego County Court of three counts of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(4)), and two counts of Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law § 265.01(2)). Crockett was sentenced to concurrent prison terms of two and one-third to seven years for the third-degree weapon possession counts, and two concurrent one-year prison terms for the fourth-degree weapon possession counts. Crockett timely appealed his conviction to the Appellate Division, Third Department, which affirmed, and the New York Court of Appeals denied leave to appeal on October 30, 2006. *People v. Crockett*, 816 N.Y.S.2d 612 (N.Y. App. Div.), *lv. denied*, 857 N.E.2d 1142 (N.Y. 2006).

  Crockett timely filed his petition for relief in the Western District of New York on November 16, 2006, which transferred the case to this Court.

---

  [1] Leo Payant, Superintendent, Mohawk Correctional Facility is substituted for Carl Hunt, Superintendent, Groveland Correctional Facility. Fed. R. Civ. P. 17(d).

## II.  GROUNDS RAISED/DEFENSES

In his petition before this Court Crockett raises four grounds:  (1) Search warrant was based upon a false allegation; (2)  denial of discovery and *Rosario* violation;[2] (3) illegal amendment of indictment; and (4) failure to return rifles after acquittal in 1999 violated his Second Amendment rights and constitutes double jeopardy.  Respondent contends that, except as to his first ground, Crockett has not exhausted his state court remedies.  Respondent argues that Crockett did not present the second and third grounds to the state courts in terms that implicated the U.S. Constitution,[3] and that the fourth ground was not presented to the state courts at all.

## III.  STANDARD OF REVIEW

Because Crockett filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  Consequently, this Court cannot grant relief unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[5]  Thus, where holdings of the

---

[2] *People v. Rosario*, 173 N.E.2d 881 (N.Y. 1961).

[3] The Court has reviewed both the counseled brief and the *pro se* brief filed with the Appellate Division in the direct appeal.  The only issue with respect to the indictment argued before the Appellate Division was that Counts Four and Five should have been dismissed as defective and Count Two was excessively vague (counseled brief).  In his *pro se* brief, Crockett simply states without explanation or elaboration, "[t]he presenting of Rosario and the defiance of discovery is obvious" and "discovery and Rosario issues are violated."  In his *pro se* application for leave to appeal to the New York Court of Appeals, Crockett stated: "They denied me my demand for discovery (C.P.L. 240.20) in that Officer Johnston's cell phone records were not disclosed to the defense which would have proved illegal entry before the search warrant was issued."  He further stated:  "My attorney filed a demand for discovery pursuant to CPL 240.20 on 1-4-2004.  This includes telephone records.  Where are they?"

[4] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[5] *Williams*, 529 U.S. at 412.

MEMORANDUM DECISION
*Crockett v. Payant*, 9:06-cv-01441-JKS                         2

Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6] When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable," "not just incorrect."[7] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[8] Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[9]

In applying this standard, this Court reviews the last reasoned decision by the state court.[10] In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[11] If a federal claim has not been adjudicated on the merits, AEDPA deference is not required.[12] In that situation, conclusions of law and mixed questions of fact and conclusions of law are reviewed *de novo*.[13] A state court decision is conclusively presumed to have been on the merits when the state court disposes of the claim on other than procedural grounds, even where it fails to provide any reasoning for the disposition.[14] Where there is no reasoned decision of the state court addressing the ground or

---

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[8] *Schriro v. Landrigan*, 550 U.S. 465, ___, 127 S.Ct. 1933, 1939 (2007).

[9] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[10] *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).

[11] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[12] *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003).

[13] *DeBerry v. Portuondo*, 403 F.3d 57, 67 (2d Cir. 2005).

[14] *See Jimenez v. Walker*, 458 F.3d 130, 145–46 (2d Cir. 2006), *cert. denied*, 127 S. Ct. 976 (2007) (Mem).

grounds raised by Crockett on the merits and no independent state grounds exist for not addressing those grounds, this Court must decide the issues *de novo* on the record before it.[15]

## IV.  DISCUSSION

Ground 1:  False Affidavit in Support of Search Warrant.

This claim, which challenges the validity of a search under the Fourth Amendment, is not cognizable by this Court in a federal habeas proceeding as long as the state provides an opportunity for the prisoner to fully and completely litigate his Fourth Amendment claim.[16]  That New York provides such a procedure is well settled.[17]

Consequently, Crockett is not entitled to relief under his first ground.

Ground 2:  Discovery Denial and *Rosario* Violation.[18]

Respondent contends that *Rosario* claims are state law claims,[19] not founded on either the federal constitution or federal laws, which are not cognizable in a federal habeas proceeding. The Court agrees.[20]

The only discovery violation complained of is with respect to the cellular phone records of one of the arresting officers that Crockett claims would corroborate his claim that the search and seizure were invalid in that the officers conducting the search were in the house prior to the time the search warrant was issued.

---

[15] *See Spears v. Greiner*, 459 F.3d 200, 203-04 (2d Cir. 2006).

[16] *Stone v. Powell*, 428 U.S. 465, 481–82 (1976); *Gates v. Henderson*, 568 F.2d 830, 837 (2d Cir. 1977) (en banc) (construing *Stone*).

[17] *Cappellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992).

[18] There being no reasoned state court decision addressing this issue, this Court must determine it *de novo* on the record before it.  *Spears v. Greiner, supra*.

[19] Under *Rosario*, codified in N.Y. Criminal Procedure Law § 240.45, the prosecution must turn over to the defendant all written or recorded testimony of any person the prosecutor intends to call as a witness.

[20] *See, e.g., Young v. McGinnis*, 411 F.Supp.2d 278, 329 (E.D.N.Y. 2006).  The Court notes that the Second Circuit has addressed the merits of compliance with *Rosario* solely in the context of a claim of ineffective counsel for failure to raise a state law claim.  *See, e.g., Flories v. Demskie*, 215 F.3d 293, 300–305 (2d Cir. 2000); *Mayo v. Henderson*, 13 F.3d 528, 533–536 (2d Cir. 1994).

Counsel for Crockett demanded the cellular phone numbers and records of the officers at the scene of Crockett's arrest under N.Y. Criminal Procedure Law § 240.20, and the prosecutor opposed that request. The trial court denied Crockett's request holding:

> The defendant also seeks an order directing the People to provide to the defendant with the personal cellular telephone numbers of the officers who were at the scene of the defendant's arrest. The People oppose such order and the defendant cites no authority to support his position that such records are discoverable. The defendant's motion seeking the personal cellular numbers of the officers is denied.

As with his *Rosario* claim, as he did before the state courts, Crockett posits his contentions before this Court on state law alone, N.Y. Criminal Procedure Law § 240.20. He did not argue before the state courts, nor does he argue before this Court, that the failure to disclose the information constitutes a constitutional violation. "[T]he Constitution does not require the prosecutor to share all useful information with the defendant."[21] Even construing Crockett's arguments liberally, it does not appear that the information sought was exculpatory,[22] nor would it have necessarily impeached any prosecution witness.[23] The government is constitutionally required to disclose material information that is "favorable to the accused, either because it is exculpatory, or because it is impeaching."[24] If the failure to disclose the cellular phone records constituted error, it was solely a violation of state law, beyond the purview of this Court; not a constitutional violation.

Crockett is not entitled to relief under his second ground.[25]

---

[21] *United States v. Ruiz,* 536 U.S. 622, 629 (2002), citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case.").

[22] *See Brady v. Maryland*, 373 U.S. 83 (1963).

[23] *See United States v. Giglio*, 405 U.S. 150, 154 (1972).

[24] *Strickler v. Greene,* 527 U.S. 263, 281-82 (1999).

[25] Although Respondent contends this claim is unexhausted, the Court need not reach this issue as it may deny the petition on the merits notwithstanding that the Petitioner has failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2).

Ground 3: Illegal Amendment of Indictment.[26]

Crockett argues that, under New York law, if an indictment is amended to change the theory of prosecution, it must be resubmitted or re-presented to the grand jury. In this case, according to Crockett, the original indictment was amended in a manner that changed the theory of the prosecution. Respondent contends that the amended indictment dropped charges and in others instances changed the language from the disjunctive to the conjunctive but, in any event did not change the theory of the case. Whether the amended indictment changed the theory of the prosecution and had to be resubmitted to the grand jury under New York law is, in the context of these proceedings, irrelevant.

Analysis starts with the basic proposition that the Fifth Amendment right to a grand jury indictment has not been incorporated against the states through the Fourteenth Amendment.[27] Consequently, an infirmity in state grand jury procedures in criminal prosecutions does not, itself, raise any Constitutional issue. Any infirmity in state criminal grand jury proceedings, standing alone without some other Constitutional infirmity, is a product of state law, which, as noted above, is beyond the purview of this Court in a federal habeas proceeding.[28] Whatever the sufficiency and admissibility of the evidence introduced before and instructions provided the grand jury, Crockett was convicted on the evidence produced and instructions given at trial. Where claims concerning state grand jury proceedings are rendered harmless by the decision of a petit jury, they are foreclosed in a collateral attack brought in a federal court.[29]

Crockett is not entitled to relief on his third ground.[30]

---

[26] There being no reasoned state court decision addressing this issue, this Court must determine it *de novo* on the record before it. *Spears v. Greiner, supra*.

[27] *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972), citing *Hurtado v. California*, 110 U.S. 516 (1884).

[28] *See Beck v. Washington*, 369 U.S. 541, 545–46 (1962) (discussing state criminal charging procedures).

[29] *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989).

[30] Although Respondent contends this claim is unexhausted, the Court need not reach this issue as it may deny the petition on the merits notwithstanding that the Petitioner has failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(2).

Ground 4:  Second Amendment/Double Jeopardy.[31]

Crockett argues that the failure to return to him the rifle that was the subject of a 1999 criminal proceedings in which he claims he was acquitted somehow constitutes a violation of his Second Amendment rights and constitutes double jeopardy.  The connection between the failure to return to Crockett the rifle involved in the 1999 criminal proceedings and his conviction for a later possession of *different* firearms in the case before this Court is unexplained and inexplicable.

Crockett is not entitled to relief under his fourth ground.[32]

V.  CONCLUSION AND ORDER

Crockett is not entitled to relief on any ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[33]  To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, no reasonable jurist could find that the decision was "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  January 26, 2009.

/s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[31] There being no reasoned state court decision addressing this issue, this Court must determine it *de novo* on the record before it.  *Spears v. Greiner, supra*.

[32] Although Respondent contends this claim is unexhausted, the Court need not reach this issue as it may deny the petition on the merits notwithstanding that the Petitioner has failed to exhaust his state court remedies.  28 U.S.C. § 2254(b)(2).

[33] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).